UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIO DINERO SESSOMS, | No. 2:22-cv-0420 AC P |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| UNKNOWN, | |
| Respondent. | |

Petitioner, proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the filing fee.

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." As set forth below, the petition appears to fail to state a cognizable claim for relief and is subject to dismissal.

Under 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States." The Supreme Court has interpreted § 2254 as requiring that the habeas petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (citation omitted). A prisoner who is

on parole is still considered to be "in custody." Id. at 491.  The custody requirement of § 2254 is jurisdictional.  Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998) (citation omitted).

The petition challenges petitioner's October 2017 conviction for manslaughter, robbery with a firearm, and burglary, for which he was sentenced to twenty-two years and three months. ECF No. 1 at 1.  However, the petition also states that the conviction was the result of a plea agreement in which petitioner pled no contest for time served[1] and indicates that his parole has terminated.[2]  Id. at 7.  Based on these allegations, it appears that petitioner is no longer in custody for the convictions he is attempting to challenge, and this court lacks jurisdiction over the matter.

Accordingly, IT IS HEREBY ORDERED that within thirty days of service of this order, petitioner must show cause in writing why the petition should not be dismissed for lack of jurisdiction.

DATED: March 8, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner previously challenged his conviction and was granted habeas relief by the Ninth Circuit Court of Appeal, which resulted in an order that the state initiate retrial proceedings or release petitioner.  ECF No. 1 at 4, 11; see also Sessoms v. Runnels, No. 2:05-cv-1221 JAM GGH (E.D. Cal.).  The 2017 plea and conviction that petitioner challenges here were a result of the retrial proceedings.  ECF No. 1 at 4, 7.

[2] Petitioner states that he found out that a notice of appeal had not been filed "right before [his] parole was to be terminated" when he contacted the Central California Appellate Program.  ECF No. 1 at 7.  An attached email indicates that this inquiry took place in July 2020.  Id. at 16.