UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIO DINERO SESSOMS, | No. 2:22-cv-0420 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| UNKNOWN, | |
| Respondent. | |

By order filed March 9, 2022, petitioner was ordered to show cause why this action should not be dismissed for lack of jurisdiction because it appeared from the allegations in the petition that he was no longer in custody at the time the petition was filed.  ECF No. 3.  Petitioner has now filed a response in which he states that any delays were due to not receiving his court transcripts in a timely fashion and the pandemic.  ECF No. 5 at 1-3.  He states that if not for the pandemic and delays in receiving his transcripts, "this habeas corpus would've been filed two years ago while I was still on parole with no less than a year left 'in custody.'"  Id. at 2.  Petitioner also asserts that he was on parole when he filed his state habeas petition but that his parole had terminated by the time the state court heard the petition.  Id. at 3.

It is clear from the petition and response to the order to show cause that petitioner was no longer in custody—either physical custody or constructive custody in the form of parole—at the time he filed the instant petition.  Though neither the petition nor the response to the order to

1

show cause specify when petitioner's state habeas petition was denied, it was clearly denied prior to the filing of the instant petition, as the state's denial due to petitioner being out of custody is referenced in the petition, ECF No. 1 at 13, and he states that if he had been able to file this petition two years ago, he would have still had one year left on his parole term, ECF No. 5 at 2.

As this court previously stated, a habeas petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (citation omitted), and the custody requirement is jurisdictional, Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998) (citation omitted).  Because it is clear that petitioner was not in custody for the convictions he is attempting to challenge at the time he filed the petition in this action, this court lacks jurisdiction.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it

////
////
////
////

enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: April 7, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE